UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI J. LARA,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:17-cv-02208-AC<br><br>ORDER |

        Plaintiff Patti J. Lara commenced this social security action on October 23, 2017. ECF Nos. 1-3.[1] On January 3, 2019, the court granted plaintiff's motion for summary judgment in part, denied the Commissioner's cross-motion for summary judgment, remanded the case for an immediate award of benefits, and entered judgment for plaintiff. ECF Nos. 18, 19. Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 20. The Commissioner filed an opposition to plaintiff's motion, arguing the hours expended by plaintiff's counsel are unreasonable. ECF Nos. 22. After

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 5, 6.

1

considering the parties' briefing and the applicable law, the court grants plaintiff's motion for EAJA fees, but reduces the amount requested.

The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, the Commissioner does not dispute that plaintiff is a prevailing party, because he successfully obtained a remand for further proceedings under sentence four of 42 U.S.C. § 405(g). Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). Furthermore, plaintiff's application for EAJA fees is timely, because it was filed within thirty days of final judgment in this action.[2]

---

[2] The term "final judgment" for purposes of the EAJA "means a judgment that is final and not appealable...." 28 U.S.C. § 2412(d)(2)(G). The court entered judgment for plaintiff on January 3, 2019. (ECF No. 19.) The judgment became a non-appealable "final judgment" 60 days later on March 4, 2019. See Fed. R. App. P. 4(a)(1)(B) (providing that the notice of appeal may be filed by any party within 60 days after entry of the judgment if one of the parties is the United States, a (continued…)

| | |
|---|---|
| 1 | Nevertheless, the Commissioner argues that plaintiff is not entitled to an award of fees under the |
| 2 | EAJA, because the position of the Commissioner was substantially justified. See Flores v. |
| 3 | Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees |
| 4 | unless the government shows that its position "with respect to the issue on which the court based |
| 5 | its remand was 'substantially justified'"). |
| 6 | The burden of establishing substantial justification is on the government. Gutierrez v. |
| 7 | Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the |
| 8 | Supreme Court defined "substantial justification" as: |

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259. Here, the commissioner does not argue that its position was substantially justified, and EAJA fees are not prevented on grounds of substantial justification. ECF No. 23.

The EAJA directs the court to award a reasonable fee. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. See Commissioner, INS v. Jean, 496 U.S. 154, 163 (1990); Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998).

In considering a reasonable rate for attorneys' fees, an increase in the statutory rate of $125 may be justified to account for increases in the cost of living. See Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The cost of living adjustment to the statutory cap is computed

---

United States agency, or a United States officer or employee sued in an official capacity). Accordingly, plaintiff was required to file an application for EAJA fees no later than 30 days after the "final judgment," i.e., by April 3, 2019. Plaintiff's March 8, 2019 application is therefore timely.

3

by multiplying the statutory cap by the consumer price index for urban consumers for the year in which the fees were earned, then dividing by the consumer price index figure on the date that the cap was imposed by Congress. Id. at 1148-49; see also Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005).[3] The national, rather than local, change in cost of living should be applied to adjust the EAJA rate cap because "if Congress had wanted to allow for cost of living adjustments in a particular region or city, it could have done so in the statute." Stewart v. Sullivan, 810 F. Supp. 1102, 1107 (D. Haw. 1993).

The Commissioner does not oppose plaintiff's requested rate, but does oppose the requested hours. The Commissioner contends that the requested hours are excessive in light of the issues presented in this case, and represent inefficient representation. ECF No. 26 at 7. Plaintiff is requesting total fees in the amount of $15,500.20, representing 77.2 hours of work on this case, along with an award of costs and expenses in the amount of $551.02. ECF No. 20 at 1. Plaintiff asserts this request is reasonable because litigating this case "involved reviewing a 700-page administrative record and researching and drafting a 35-page motion for summary judgment in which six legal arguments were raised" and "drafting a 35-page Reply brief in which Plaintiff rebutted all of the SSA's arguments" ECF No. 20 at 7. The Commissioner argues that the time plaintiff's counsel spent on merits briefing was unreasonable, particularly the expenditure of 33.2 hours drafting the opening brief and 33.6 hours on the reply brief. ECF No. 23 at 3. The Commissioner asserts this time expenditure is excessive in light of the fact that plaintiff presented only routine, common issues, citing Hensley v. Eckerhart, 461 U.S. 424, 429 & n.3 (1983) (listing factors to consider in awarding attorneys fees), Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998) (affirming the district court's decision to reduce the requested hourly rate, not hours billed), and Nugent v. Massanari, 2002 WL 356656, *2-3 (N.D. Cal. 2002) (noting that "[s]ome courts have found that forty hours expended for a social security appeal is excessive, while other courts

---

[3] In accordance with the decision in Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory maximum hourly rates authorized by the EAJA, as adjusted annually. The rates may be found on the Court's website. See http://www.ca9.uscourts.gov. Here, plaintiff's requested rates are within the statutory maximum rate established by the Ninth Circuit.

have determined that expending forty or more hours is appropriate" but reducing expended hours, concluding "an experienced attorney in social security matters and reasonably could have presented the issues and related matters to this court in less than forty pages and 28.8 hours. Also, although the facts in every case are not the same, this case does not articulate issues that are complex or unique to social security appeals.")

Under the circumstances presented by this case, the undersigned must agree with the Commissioner that plaintiff's time requests, particularly with respect to hours spent drafting the reply brief, are excessive. Plaintiff submitted a time sheet breaking down hours spent for drafting both the motion for summary judgment and the reply. ECF No. 22-2. After an independent review of the time entries, the court finds that there was no need for an expenditure of 33.6 hours drafting a 35 page reply brief. Id., ECF No. 17. At the point of drafting the reply, counsel was familiar with the issues and the administrative record and the facts of the case; a drafting time greater than the time spent drafting the initial brief is excessive. Plaintiff's billing statement reveals counsel spent 3.2 hours "finalizing" the motion for summary judgment, but 6.8 hours "finalizing" the reply. ECF No. 22-2. Counsel also spent several small amounts of time drafting both the reply and motion for summary judgment which appear to be inefficient uses of time, including: .5 hours on 2/13/18; .5 hours on 5/24/18; 1.5 hours on 5/27/18; 1.5 hours on 5/28/18; and 1.5 hours on 6/1/18. Finding these billings to be inefficient, the court will eliminate the time requested for the brief increments of time expended, and will reduce the "finalizing" bill for the reply to match that of the motion for summary judgment, resulting in a total reduction of 9.1 hours (3.6+.5+.5+1.5+1.5+1.5=9.1) for a total awardable amount of 62.2 hours. No further reduction is warranted because though the issues in this case were relatively routine, the medical record was complex.

Therefore, the court will award plaintiff EAJA attorneys' fees for 62.2 hours at the 2018 adjusted EAJA rate of $200.78 for a total fee award of $12,448.516. The court notes that plaintiff has executed an assignment of EAJA fees to plaintiff's counsel. (ECF No. 21.) However, the EAJA award must be made by this court to plaintiff, and not to counsel. See Astrue v. Ratliffe, 130 S. Ct. 2521 (2010). Nevertheless, if the government determines that plaintiff does not owe a

federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

As to expenses, the Commissioner objects to plaintiffs' request of $82.50 in legal research fees and $19.42 of postage charges, block billed as mailings to plaintiff as well as the court and government. ECF No. 23 at 5. The court agrees the postage charge should be stricken. Costs are only recoverable to the extent that the copies were "necessarily obtained for use in the case," and copies sent by mail to plaintiff are part of counsel's overhead. 28 U.S.C. § 1920(4). The block billing of these charges makes it impossible to distinguish between properly taxable charges and non-taxable charges. However, district courts "have routinely awarded the expense of electronic legal research pursuant to the EAJA." Johnson v. Astrue, No. C-07-2387 EMC, 2008 WL 3984599, at *3 (N.D. Cal. Aug. 27, 2008). The Commissioner provides no legal support for the conclusory assertion that legal research is "not a taxable cost." Whether the amount is categorized as a cost or expense seems irrelevant to the ultimate issue, and without more from the Commissioner, the court finds no reason to strike the request. Thus, plaintiff's total requested expenses are reduced by $19.42, for a total reimbursement of $531.60

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees under the EAJA (ECF No. 20) is GRANTED but with a reduced fee award of $12,448.516 and a reduced cost/expenses award of $531.60.
2. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, payment may be made in the name of plaintiff's attorney.

IT IS SO ORDERED.

DATED: March 26, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE